IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS ANDREW DEWALD, | : | Civil No. 1:21-CV-1579 |
| Plaintiff, | : | |
| v. | : | |
| FRANKLIN COUNTY JAIL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court for screening is self-represented Plaintiff Thomas Andrew Dewald's complaint pursuant to 42 U.S.C. § 1983 alleging that he was subject to a variety of Eighth Amendment constitutional violations (conditions of confinement and medical) during his pretrial confinement at the Franklin County Correctional Facility in Chambersburg, Pennsylvania. (Doc. 1) Named as Defendants are Franklin County Prison and Primecare Medical, Inc. (*Id*.) Also pending is Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2, and motion for appointment of counsel, Doc. 3. Because Plaintiff has recently advised the court of his intent to file an amended complaint, Doc. 10, the court will grant Plaintiff's motion to proceed *in forma pauperis*, deny his motion for counsel, and grant him thirty days to file an amended complaint.

## JURISDICTION

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## DISCUSSION

### A. Rules Governing Amendments and Joinder of Defendants

The Federal Rules of Civil procedure provide that a party may amend its pleading once as a matter of course within twenty-one (21) days of service of the complaint, or within twenty-one (21) days after the service of a responsive pleading, or a motion filed under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). In all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 18(a) of the Federal Rules of Civil Procedure governs the joinder of claims. Rule 18(a) provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Rule 20 of the Federal Rules of Civil Procedure limits the joinder of defendants. Rule 20(a)(2) provides:

> *Defendants*.  Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A) and (B).  "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). However, the policy behind Rule 20 is not a license to join unrelated claims and defendants in a single lawsuit.  *See Nicholas v. Heffner*, 228 F. App'x 139, 141 (3d Cir. 2007) (district court did not err in dismissing amended complaint setting forth new action against new defendants with new claims arising out of a set of operative facts unrelated to the factual claims in the original complaint); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits[.]")

Allowing prisoners to improperly join separate and distinct claims against multiple defendants in a single action conflicts with the principles of the Prison Litigation Reform Act ("PLRA"), as it allows inmates to circumvent the PLRA's filing fee requirement as well as the penalties associated with filing frivolous actions. *See* 28 U.S.C. § 1915(g); *see also Sanders v. Rose*, 576 F. App'x 91, 94 (3d Cir. 2014). Instead of joining unrelated claims, a plaintiff's remedy is to file a separate lawsuit.

Based on the above, Dewald may file an amended complaint. The court will grant Dewald twenty-one days (21) to file an amended complaint. If Dewald decides to file an amended complaint in this action, he must clearly label it "Amended Complaint" on the face of the document. It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form. In addition, any amended complaint filed by Dewald supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

With that said, the court cautions Dewald that the amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise, and simple statements. *Id.*;

Fed. R. Civ. P. 10(b). The factual allegations of the amended complaint may not be conclusory. Instead, the facts alleged should be specific enough as to time and place of the violations and must *identify* the specific person or persons responsible for the deprivation of her constitutional rights and what each Defendant did to harm him. *Iqbal*, 556 U.S. at 676. Dewald must also be mindful of the rules concerning the joinder of claims and parties in a single lawsuit mentioned above. Finally, if Dewald fails to file an amended complaint, this action will proceed on the original complaint.

### B.  Dewald's Request for Appointment of Counsel

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

>    (1)    the plaintiff's ability to present his or her own case;
>    (2)    the complexity of the legal issues;
>    (3)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>    (4)    the plaintiff's ability to retain counsel on his or her own behalf;
>    (5)    the extent to which a case is likely to turn on credibility determinations, and;
>    (6)    whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57.  This list of factors is non-exhaustive, and no single factor is determinative.  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

Plaintiff has not made a threshold showing for the appointment of counsel in a civil case.  He asserts that he needs counsel because he: (1) is an indigent prisoner; (2) has little knowledge of the complex legal issues involved that require significant research and investigation; and (3) has limited access to the law library as he is in a segregated unit of the prison.  (Doc. 3.)  However, Plaintiff must first demonstrate that his claims have some arguable merit in fact and law.  At this stage of the proceedings, and noting that Dewald seeks to file an amended complaint, it is not clear that Plaintiff is able to make the requisite showing.  Thus, appointment of counsel is not warranted at this time.  If future proceedings demonstrate the need

for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

## CONCLUSION

Based on the above, Dewald's motion for leave to proceed *in forma pauperis*, Doc. 2, will be granted, as well as his request to file an amended complaint, Docs. 10–11.  Dewald's motion for appointment of counsel, Doc. 3, will be denied without prejudice.  If Dewald fails to file an amended complaint, this action will proceed on the original complaint.

                                                    s/ Jennifer P. Wilson
                                                    JENNIFER P. WILSON
                                                    United States District Court Judge
Dated:  January 11, 2022                 Middle District of Pennsylvania